IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| DAVID L. JACKSON, <br><br> Individually and on behalf of all other similarly situated individuals <br><br> Plaintiff, <br><br> v. <br><br> WAYNE V. BENNETT, in his official capacity as Sheriff of Glynn County, Georgia; and THE GLYNN COUNTY SHERIFF'S OFFICE <br><br> Defendants. | CIVIL ACTION NO. _____ |

## COMPLAINT

For his Complaint, Plaintiff, David L. Jackson, individually and on behalf of all other similarly situated individuals, respectfully states and avers as follows:

### JURISDICTION

1.

This Honorable Court is vested with jurisdiction pursuant to 29 U.S.C. § 201, et seq., commonly known as the Fair Labor Standard Act (hereinafter referred to as the "FLSA").

### PARTIES

2.

Plaintiff, David L. Jackson, resides in Clayton County, Georgia.

3.

Defendant, the Glynn County Sheriff's Office, is a body corporate created pursuant to the constitution and laws of the State of Georgia, is subject to the jurisdiction and venue of this

~ 1 ~

Court and may be served with Summons and this Complaint by service on Wayne V. Bennett, Sheriff of the Glynn County Sheriff's Office, or as otherwise permitted by law.

4.

Defendant Wayne V. Bennett in his official capacity as Sheriff of Glynn County, Georgia, is a constitutional officer of the State of Georgia and subject to the jurisdiction and venue of this Court. He may be served with summons and this Complaint by service at the Glynn County Sheriff's Office, 1812 Newcastle Street, Brunswick, Georgia, 31520.

5.

Defendant the Glynn County Sheriff's Office and Defendant Wayne V. Bennett in his official capacity as Sheriff of Glynn County, Georgia, are hereinafter collectively referred to as "Defendants."

## FACTS

6.

At all times pertinent hereto, Defendants, acting through their members, agents, officers, directors, employees, or others for whom it is legally responsible, maintained and operated a correctional facility, commonly referred to as the Glynn County Detention Center.

7.

Plaintiff, individually and on behalf of a class of similarly situated individuals, was employed as a non-exempt employee by Defendants in the position of detention officer, which is non-exempt under the FLSA.

8.

Plaintiff, individually and on behalf of all others similarly situated, worked hours up to the overtime threshold for law enforcement officers and Defendants failed and/or refused to

compensate Plaintiff, individually and on behalf of all others similarly situated, at his regular rate of pay.

9.

Plaintiff, individually and on behalf of all others similarly situated, worked in excess of the overtime threshold for law enforcement officers and Defendants failed and/or refused to compensate Plaintiff, individually and on behalf of all others similarly situated, for such work in excess of the overtime threshold at an overtime rate of not less than one and one-half (1½) times their regular rate of pay, in violation of section 7(a) of the FLSA.

10.

Representative Plaintiff David Jackson was employed by the Defendants as a detention officer from approximately July 27, 2009 to March 29, 2012. The Plaintiff was scheduled for 12 ½ hour shifts of 5:45 a.m. to 6:15 p.m. or 5:45 p.m. to 6:15 a.m. respectively. The Plaintiff was regularly required to work beyond his scheduled shift and has not been compensated for these excess hours "off the clock" at either his regular rate of pay or at time and one-half his regular rate of pay for all hours exceeding the overtime threshold.

11.

Plaintiff, individually and on behalf of all others similarly situated, was regularly required by his supervisors to work "off the clock" for no compensation, in violation of the terms of his employment.

12.

Defendants authorized or knew that Plaintiff, and others similarly situated, were working beyond their scheduled shift and not being paid.

13.

Defendants accepted the value of the Plaintiff's and others' services which were performed "off the clock," thus undertaking a legal obligation to pay Plaintiff and any other similarly situated employees.

## FAIR LABOR STANDARDS ACT

14.

Paragraphs 1 through 13 are incorporated herein by reference and made a part hereof.

15.

This is a collective action brought pursuant to the FLSA and, specifically, section 216(b) thereof, which authorizes a collective action to remedy violations of the wage provisions of the FLSA by Defendants, which deprived the named Plaintiff, as well as all others similarly situated, of their lawful wages.

16.

The named Plaintiff herein, and all similarly situated individuals who subsequently file Consent Forms to become party Plaintiffs to this litigation, are "employees" within the meaning of 29 U.S.C. § 203(e).

17.

At all times material to this action, Defendants were and/or are the "employer" of the named, representative Plaintiff, as well as those persons who may file Consents to become party Plaintiffs, as defined by section 203(b) of the FLSA.

18.

Defendants were on notice that Plaintiff, and other similarly situated individuals, were required to work beyond their scheduled shift for no compensation. When employees

complained to Defendants and their supervisors about this unlawful practice, they were turned away; threatened; or retaliated against.

19.

Defendants have engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay proper overtime wages to its non-exempt, hourly employees, such as Plaintiff and all others similarly situated. Defendants routinely withheld from Plaintiff relevant and necessary information which would advise each and every potential Plaintiff of their entitlement to overtime pay for all hours worked in excess of the overtime threshold. Plaintiff, individually, as well as all others similarly situated, relied upon these representations and/or misrepresentations made by Defendants.

20.

Due to the actions of Defendants in concealing the true status of their hourly employees and/or leading them to believe that they were not entitled to overtime pay, the applicable statute of limitations period governing FLSA actions, 29 U.S.C. § 255(a), is tolled for as long as Defendants engaged in such conduct and equitably estopps Defendants from raising the statute of limitations as a bar to any claims asserted herein.

21.

Defendants' actions in failing to properly compensate Plaintiff, individually and on behalf of all others similarly situated, constitutes a willful violation of the FLSA.

22.

As a result of the willful violations by Defendants of the FLSA, the named, representative Plaintiff, as well as those who will subsequently file Consents to become party Plaintiffs to this litigation, are entitled to all damages available under the FLSA which include, but are not limited

to, all unpaid overtime wages, liquidated damages, attorney fees, emotional damages, and pre-judgment interest, as set forth in the FLSA, more specifically 29 U.S.C. § 216(b) thereof.

## COLLECTIVE ACTION STATUS

23.

Paragraphs 1 through 22 are incorporated herein by reference and made a part hereof.

24.

Plaintiff, by the Complaint, respectfully moves this Honorable Court to find that this action can proceed as a collective action pursuant to 29 U.S.C. § 216(b). Further, Plaintiff request this Honorable Court to approve appropriate notice to be sent to all similarly situated individuals to fully apprise them of their rights under this action.

## BREACH OF CONTRACT

25.

Paragraphs 1 through 24 are incorporated herein by reference and made a part hereof.

26.

Plaintiff, individually and on behalf of all others similarly situated, contracted with Defendants to perform work in exchange for his regular hourly rate of pay for all hours worked in addition to an overtime premium of 1 ½ times his regular rate of pay for all hours worked in excess of the overtime threshold.

27.

Plaintiff, individually and on behalf of all others similarly situated, performed his duties in exchange for the promise of being properly compensated.

28.

Plaintiff, individually and on behalf of all others similarly situated, was regularly required

by his supervisors to work "off the clock" for no compensation, in violation of the terms of his employment.

29.

Defendants authorized or knew that Plaintiff, and others similarly situated, were working beyond their scheduled shift and not being paid.

30.

Defendants accepted the value of the Plaintiff's and others' services which were performed "off the clock," thus undertaking a legal obligation to pay Plaintiff and any other similarly situated employees.

31.

Defendants have breached its contract to compensate Plaintiff, as well as all other similarly situated employees, at his regular rate of pay for all hours worked and to compensate Plaintiff at 1 ½ times his regular rate of pay for all hours worked in excess of the overtime threshold.

## **BREACH OF IMPLIED CONTRACT**

32.

Paragraphs 1 through 31 are incorporated herein by reference and made a part hereof.

33.

As an alternative to an express contract theory, Plaintiff, individually and on behalf of all others similarly situated, alleges an implied contract to be paid his regular hourly rate of pay for all hours worked in addition to an overtime premium of 1 ½ times his regular rate of pay for all hours worked in excess of the overtime threshold.

## QUANTUM MERUIT

34.

Paragraphs 1 through 33 are incorporated herein by reference and made a part hereof.

35.

In addition, Plaintiff, individually and on behalf of all others similarly situated, states a claim for the value of the work he performed outside of his scheduled shifts and for which he was not paid.

36.

Defendants consented to and knew that Plaintiff was performing this work.

37.

Defendants accepted the value of Plaintiff's work.

38.

Therefore, Plaintiff, and all others similarly situated are entitled to Quantum Meruit for the work they performed.

39.

Plaintiff is entitled to and therefore prays for trial by jury on all issues raised herein.

WHEREFORE, Plaintiff prays that Defendants be served with this Complaint and, after answer and due proceedings had, that there be judgment rendered herein as follows:

a) Authorizing and providing notice to all similarly situated individuals;

b) That other similarly situated past and/or present employees of Defendants be given the opportunity to join in this lawsuit as party Plaintiffs by filing written Consents pursuant to 29 U.S.C § 216(b);

c) That all Plaintiffs be awarded damages in the amount of their respective unpaid overtime compensation, plus an equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

d) Reasonable attorney fees as allowed by the FLSA;

e) Pre-judgment interest;

f) Emotional damages;

g) All costs and expenses incurred in the prosecution of this action;

h) Such other, further, general and/or equitable relief to which Plaintiffs may be entitled; and

i) For trial by jury herein on all claims.

Respectfully submitted this 3 day of August, 2012.

C. BRIAN JARRARD
Georgia Bar No. 389497

SHERRY H. CULVES
Georgia Bar No. 319306
*(Application to Southern District of Georgia Pending)*
ATTORNEYS FOR PLAINTIFF

Jones Cork & Miller, LLP
435 Second Street, Suite 500
P. O. Box 6437
Macon, Georgia 31208-6437
Phone: (478) 745-2821
Fax: (478)743-9609