IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

DAVID L. JACKSON,                          )
HELEN DENISE MORAN,                        )   CIVIL ACTION NO.  2:12-CV-00135
Individually and on behalf of all other    )
similarly situated individuals             )
                                           )
            Plaintiff,                     )
                                           )
v.                                         )
                                           )
NEAL JUMP,                                 )
in his official capacity as Sheriff of     )
Glynn County, Georgia; and                 )
THE GLYNN COUNTY SHERIFF'S OFFICE )
                                           )
            Defendant.                     )

## AFFIDAVIT OF SHERRY H. CULVES

STATE OF GEORGIA

COUNTY OF FULTON

Before the undersigned officer, duly authorized to administer oaths, comes Sherry H.

Culves, to me known, who being first duly sworn, says:

1.

My name is Sherry H. Culves. I was a Partner with the law firm of Jones, Cork & Miller,

LLP ("Jones Cork & Miller") from 2005 until December 31, 2013. On January 1, 2014, I joined

Nelson Mullins Riley & Scarborough as a Partner in its Atlanta office. My practice continues to

mirror the same type of work I performed while at Jones, Cork & Miller. I initially joined Jones,

Cork & Miller in 1999. I specialized in the areas of employment law, education law and general

litigation. I am currently employed by Nelson, Mullins, Riley & Scarborough, LLP in Atlanta,

Georgia. I am a member in good standing of the State Bar of Georgia and have been since 1999.

1



2.

As part of my practice with Jones Cork & Miller, I advised public and private employers on a daily basis on all areas of employment law including discrimination, discipline and discharge, wage and hour claims, and employment benefits. I represented school districts, hospitals, and private employers in EEOC charges and in cases involving Title VII claims, sexual harassment, race discrimination, retaliation, the Fair Labor Standards Act, ADA, ADEA, FMLA, Equal Pay Act, negligent hiring and retention, infliction of emotional distress and municipal liability.

3.

In the area of employment law, I have represented several public and private entities. My representative clients ranged from a 50,000-plus urban school system, to mid-size and small rural school districts, as well as hospitals and private businesses. I give daily advice to these entities in the areas of personnel investigations, discipline and discharge, special education, religion in the schools, charter schools, first amendment issues, Title IX, Section 1983, the IDEA, Section 504, Fair Labor Standards Act and compliance with the Open Meetings and Open Records Acts. I have defended numerous cases brought against such entities in each of these areas, and regularly litigated in the Office of State Administrative Hearings, State, Superior, and Federal Courts, as well as appellate courts.

4.

In addition to giving daily advice and handling specific litigation matters, I regularly conducted training seminars and policy development for my clients in the above areas. I am also a member of the Council of School Attorneys for both the National School Board Association

and the Georgia School Board Association as well as a member of the State Bar of Georgia's

Employers Duties and Problems Committee and School and College Law Committee.

5.

Based on the foregoing, I believe that I am qualified to render an opinion as to the

reasonableness of fees to be recovered by Jones Cork & Miller in regards to this matter.

6.

This affidavit is being submitted in support of Plaintiffs' Motion for Attorney's Fees and

Expenses. Since I am no longer employed by Jones Cork & Miller, I have no financial interest in

this recovery.

7.

As will be more thoroughly examined below, the Motion for Attorney's Fees and

Expenses is being presented pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act

("FLSA"), and authorizes Counsel for Plaintiffs a full recovery of reasonable fees and expenses

incurred through the filing of this Motion.

**<ins>Support for Motion for Attorney's Fees</ins>**

8.

29 U.S.C. § 216(b) provides that:

> Any employer who violates the provisions of section 206 or section 207 of
> [FLSA] shall be liable to the employee or employees affected in the amount of
> their unpaid minimum wages or their unpaid overtime compensation, as the case
> may be, and in an additional equal amount as liquidated damages.... The court in
> such action shall, in addition to any judgment awarded to the plaintiff or
> plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs
> of the action.

9.

"Fee awards in wage and hour cases are meant to encourage members of the bar to

provide legal services to those whose wage claims might otherwise be too small to justify the

3

retention of able, legal counsel." *Lee v. Krystal Co.,* 918 F. Supp. 2d 1261, 1274 n. 18 (S.D. AL 2013)(citing *Morris v. Affinity Health Plan, Inc.,* 859 F. Supp. 2d 611, 622 (S.D.N.Y. 2012). Such is the case before this Honorable Court.

10.

On August 3, 2012, this matter was initially filed against the then-current Sheriff of Glynn County and the Glynn County Sheriff's Office pursuant to FLSA. However, preliminary matters regarding the suit were addressed by Jones Cork & Miller as early as May 30, 2012.

11.

The basis of the initial plaintiff David Jackson's claims stemmed from the denial and inappropriate withholding of wages and overtime income entitled to Plaintiff Jackson by the Defendant. Plaintiff Jackson was employed by the named Defendant as a detention officer at the correctional facility maintained and operated by the Defendant and known as the Glynn County Detention Center.

12.

Plaintiff Jackson brought this action pursuant to 29 U.S.C. § 216(b) of FLSA, which provides that:

> An action...may be maintained against any employer...in any federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

*Id.*

13.

The purposes of § 216(b) is to allow for the collective and effectual adjudication of those claims of employees "similarly situated," particularly in situations where it is unlikely that such

claims will be brought on an individual basis. *See Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989). Thus, § 216(b) provides for the collective action of such claims in which "opt-in" plaintiffs, or those similarly situated, can join the named plaintiffs as part of a definable class.

14.

Subsequent to the initial filing of the matter, eleven other similarly-situated individuals employed by the Defendant filed their written consents and "opted-in" to the action pursuant to the standards promulgated under FLSA.

15.

Based in part on these written consents to opt-in to this FLSA case, Plaintiff Jackson and the initial eleven Opt-In Plaintiffs filed their Motion for Conditional Certification for Collective Action and for the Issuance of Court Authorized Notice to All Other Similarly Situated Individuals who may also wish to opt-in to the FLSA action on January 18, 2013.

16.

The Parties herein entered into a Joint Stipulation for Conditional Class Certification for the Collective Action and regarding the Issuance of Court Authorized Notice to All Other Similarly Situated Individuals on February 15, 2013.

17.

Shortly thereafter, this Court, on March 26, 2013, entered an Order thereby granting Plaintiffs' Motion to Conditionally Certify the Class, which also authorized Counsel for Plaintiffs to issue notice of the action to other individuals who were potentially similarly-situated to Plaintiffs and informing such individuals of their ability to file their written consent to join the class.

18.

Thereafter but prior to the deadline entered by this Court, no fewer than 21 other similarly-situated individuals opted-in to the action and requested Counsel for Plaintiffs to act on their behalf.

19.

Upon the certification of the class and the entry of the pre-trial Order on June 10, 2013, the Parties entered into a series of lengthy settlement negotiations which were extended pursuant to several joint motions to stay the matter pending resolution through settlement.

20.

During this period, Defendant submitted three (3) separate Offers of Judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure. On January 31, 2014, Counsel for Plaintiffs accepted Defendant's' Third Offer of Judgment on behalf of all original and Opt-In Plaintiffs[1] to be taken against Defendant in the total amount of Eighty-Six Thousand Seventy-One and 35/100 Dollars ($86,071.35), subject to a determination by this Court of reasonable attorney's fees and costs to date of the judgment and necessary to conclude the settlement in full.

21.

The final offer accepted by the Plaintiffs compensated each such Plaintiff for all uncompensated hours worked off the clock and all overtime accrued but not paid for a period of three years, liquidated damages in an additional equal amount, plus approximately a 3% add-on amount to account for human error. Therefore, Plaintiffs fully recovered the damages sought.

22.

As noted above, fee awards in wage and hour cases are meant to encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to

---

[1] Opt-In Plaintiff Rose Roberts did not join in the acceptance of the Offer of Judgment. When referenced throughout this affidavit, "Plaintiffs" who have recovered in this action does not include Rose Roberts.

justify the retention of able, legal counsel. Therefore, it has been established that the recovery of the reasonable attorney's fees are an integral part of FLSA matters and the relief sought. *Shelton v. Ervin*, 830 F.2d 182, 184 (11th Cir. 1987).

23.

The general rule is that where a "plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation" *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983).

24.

It is undisputed that 32 of the 33 Plaintiffs in this matter have received a recovery of all claims for compensatory and overtime wages for the excessive hours that they worked for Defendant for the three years preceding this action but were not compensated at the regular rate of pay or the statutory mandated overtime rate. "An action for minimum wages under the FLSA must be brought within two years. 29 U.S.C. § 255(a). But the statute of limitations extends to three years if the claim is one 'arising out of a willful violation'. *Kaplan v. Code Blue Billing & Coding, Inc.*, 504 Fed. Appx. 831, 833 (11th Cir. 2013)

25.

Moreover, Plaintiffs' recovery in this action extends beyond the monetary damages received in this lawsuit as a direct result of this lawsuit, Plaintiffs, and other similarly-situated employees of Defendant, will receive the proper amount of compensatory and overtime wages entitled to them in their ongoing future employment with Defendant.

26.

Counsel for Plaintiffs now file this timely Motion for Attorney's Fees seeking those reasonable fees and expenses incurred in the pursuit and receipt of a judgment acknowledging

7

Plaintiffs' entitlement to an award of wages for work performed "off the clock" and overtime compensation which was improperly withheld by Defendant. In support of such motion, Counsel submits the following supporting evidence.

## Supporting Documentation

### 27.

Attachments A-E hereto are summaries of the professional backgrounds of the attorneys of Jones Cork & Miller who contributed to this matter and for whom Counsel now seeks a recovery of their time. These attorneys include myself, co-lead counsel Sharon H. Reeves, Canon B. Hill, Hays B. McQueen, and Collier W. McKenzie. Each of the foregoing has provided his or her own supporting affidavit in furtherance of this Motion. All of the above-named attorneys is a member of the State Bar of Georgia and is in good standing.

### 28.

Attachment F is a summary of the professional background of Jessica Ekey, who served as the primary paralegal. Ms. Ekey is employed by Jones Cork & Miller and has also submitted her affidavit evidencing her contribution to the case, and has filed the same with this Motion.

### 29.

Attachments B-D to the Affidavit of Sharon H. Reeves, are detailed statements of all hours that were expended by the above-referenced professionals and those hours which Plaintiffs' Counsel now seek a recovery in connection with the litigation from May 30, 2012 through February 17, 2014[2]. Plaintiffs' Counsel kept contemporaneous meticulous detailed records of time expended to the tenth of an hour. The full amount of legal fees which Jones Cork & Miller now seeks as a recovery for the services that it provided to Plaintiffs in this matter

---

[2] Counsel has incurred fees and expenses after February 17, 2014 in pursuance of its Motion for Attorney's Fees that are not reflected in this summary and may be supplemented at a later date.

through February 17, 2014 amounts to $205,102.00. Further, the total amount of expenses incurred by Jones Cork & Miller in litigating this matter through February 17, 2014 amounts to $6,471.99. Thus, the total amount of recovery for fees and expenses that Jones Cork & Miller now seeks is $211,573.99.

30.

In exercising its own discretion and billing judgment, Jones Cork & Miller has stricken time billed by any professional of less than $1,000, all time billed by students serving as law clerks, and 30% of time billed by a less experienced associate attorney early in this litigation. Along with a few other deductions, these deductions total $13,784.00 through 10/24/2013.[3] Additionally, as more fully explained in the Affidavit of Sharon H. Reeves, Jones Cork & Miller has further voluntarily reduced its fees by $3,254.00.

31.

Attachments B-D to the Affidavit of Sharon H. Reeves are the detailed time entries submitted by the above professionals of Jones Cork & Miller involved in this litigation. Such time entries reflect the services rendered and the amount of time spent by each respective professional. These time entries support the basis for Plaintiffs' Motion for Attorney's Fees. These entries begin on May 30, 2012, the date upon which preliminary work initially began in developing the particular area of law and communicating prospective clients, through February 17, 2014. Specifically, these time entries provide the following information:

    (a) The date the services were rendered;

    (b) The professional who rendered such services;

    (c) The nature of the services rendered;

---

[3] There is no relevance to the date of 10/24/2013 except that Jones Cork & Miller conducted a detailed review of its bill applying its judgment and discretion as of that date as a part of settlement negotiations, thus this calculation is being used for economy of time.

(d) The time spent on the services rendered.

32.

Attachment A to the Affidavit of Sharon Reeves is an itemized listing of the expenses

actually incurred in litigating this matter which Jones Cork & Miller now seeks to recover.

33.

In presenting the above fees and expenses, Jones Cork & Miller has exercised its billing

judgment and intends only to seek a recovery for the services performed by the above-named

professionals at the appropriate rates for each such professional in accordance with his or her

experience and qualifications. The aim of having such a team for litigating this matter was to

achieve the best results possible for the client in the most cost-efficient manner possible. It is my

opinion that the claimed fees and expenses charged by Jones Cork & Miller relating to this

matter are reasonable and were necessary and required for obtaining the excellent result received

by Plaintiffs.

### Appropriate Standard for an Award of Attorney's Fees and Expenses

34.

The starting point for calculating a reasonable attorney's fee is "the number of hours

reasonably expended on the litigation multiplied by a reasonable hourly rate" for the attorneys'

services. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983); *Blum v. Stenson,* 465 U.S. 886, 897

(1984); *accord ACLU of Ga. v. Barnes,* 168 F.3d 423, 427 (11th Cir.1999). The product of the

reasonable hourly rate and compensable time yields the "lodestar" amount. *Pennsylvania v.

Delaware Valley Citizens' Council for Clean Air,* 478 U.S. 546, 563 (1986).

### Reasonable Rate

35.

10

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1998).

36.

Although Jones Cork & Miller is a firm based out of Macon, Georgia, this fact alone should have no significant bearing on the proposed legal rates requested in its Motion for Attorney's Fees. The fees Jones Cork & Miller now seeks to recover are reasonable in that they are appropriate and similar to those rates which are charged in the forum jurisdiction of Brunswick, Georgia. See Expert Affidavit for Support. The total sum of $205,102.00 which is sought for the fees of Jones Cork & Miller's professionals is the calculation of the number of hours expended by each respective professional at the following rates: Partner Sherry H. Culves at $250 per hour; Partner Sharon H. Reeves at $225 per hour; Associate Canon B. Hill at $165 per hour; Associate Hays B. McQueen at $155 per hour; Associate Collier W. McKenzie at $150 per hour; and Paralegal Jessica B. Ekey at $85 per hour.

37.

It should be noted that a fee applicant attorney's customary billing rate for fee-paying clients ordinarily is the best evidence of his or her market rate. *Dillard v. City of Greensboro*, 213 F.3d 1347, 1354-55 (11th Cir. 2000)("What [the attorney] charges clients is powerful, and perhaps the best evidence of his market rate; that is most likely to be what he is paid as 'determined by supply and demand.'")

38.

Plaintiffs and their Counsel entered a Fee Agreement which acknowledges an agreed-upon billing rate of $250 per hour for <u>all</u> counsel who worked on the matter. However, in pursuit

of its Motion, Jones Cork & Miller has exercised its discretion in seeking those fees for each professional at the above-referenced rates based largely on each attorney's customary billing rate for non-insurance, fee-paying clients. The lower hourly rate submitted results in a total deduction of $40,390.00 for all time billed to this matter.

39.

Moreover, as indicated above, Jones Cork & Miller only seeks a recovery of those fees of the primary professionals whom worked on this matter in obtaining the recovery for Plaintiffs. Jones Cork & Miller has exercised its billing judgment and has eliminated those fees of any attorney, paralegal or clerk which amounted to less than $1,000 and has provided a further gratuitous discount.

40.

Based on my experience, it is my opinion that the rates proffered by Jones Cork & Miller for its services are in line with the prevailing legal rates for the relevant market for similar cases performed by attorneys with similar experience and qualifications.

**Reasonable Hours Expended**

41.

"Sworn testimony that, in fact, it took the time claimed is evidence of considerable weight on the issue of the time required in the usual case." *Perkins v. Mobile Housing Bd.*, 847 F.2d 735, 738 (11th Cir. 1988). Moreover, "[t]here is nothing inherently unreasonable about a client having multiple attorneys, and they may all be compensated if they are not unreasonably doing the same work and are being compensated for the distinct contribution of each lawyer." *Johnson v. University College of University of Alabama in Birmingham*, 706 F.2d 1205, 1208 (11th Cir. 1983); *Norman*, 836 F.2d at 1302.

12

42.

"As to the work performed, compensable activities include pre-litigation services in
preparation of filing the lawsuit, background research and reading in complex cases, productive
attorney discussions and strategy sessions, negotiations, routine activities such as making
telephone calls and reading mail related to the case, monitoring and enforcing the favorable
judgment, and even preparing and litigating the request for attorney's fees." *Yule v. Jones*, 766
F.Supp.2d 1333, 1341-42 (N.D. Ga. 2010).

43.

Extensive time and effort was required by the professionals of Jones Cork & Miller in
connection with development, management, and eventual settlement of this case. Although the
amount of fees and expenses now sought are more than double the actual recovery for Plaintiffs,
the time and effort expended by such professionals was required and necessary to achieve the
excellent outcome. The underlying rationale and policy behind such a mandate on the award of
attorney's fees is that "[f]ee awards in wage and hour cases are meant to encourage members of
the bar to provide legal services to those whose wage claims might otherwise be too small to
justify the retention of able, legal counsel." *Lee v. Krystal Co.*, 918 F. Supp. 2d 1261, 1274 n. 18
(S.D. AL 2013)(citing *Morris v. Affinity Health Plan, Inc.*, 859 F. Supp. 2d 611, 622 (S.D.N.Y.
2012). Further, where a "plaintiff has obtained excellent results, his attorney should recover a
fully compensatory fee. Normally this will encompass all hours reasonably expended on the
litigation" *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983).

44.

At all times, Jones Cork & Miller used its best efforts to safeguard against the
unnecessary duplication of services performed. In my opinion, the case was handled in an

13

efficient and cost-effective manner in light of the tasks and challenges that presented themselves along the way. Each professional involved contributed in his or her own distinct manner by performing different functions and were each involved in different aspects of the work.

45.

In total, Jones Cork & Miller seeks to recover 1,052.7 hours of combined time[4] that all professionals worked on this matter from its inception through the filing of this Motion. Based upon my review of the time entries and my knowledge of the case, I believe that the total number of hours spent by all attorneys and persons on this file was reasonable, necessary and required in pursuing the excellent result obtained on behalf of Plaintiffs.

46.

47.

As lead counsel, I was responsible for the overall strategy determinations as well as the general direction of the litigation. However, such involvement also included the management of the day-to-day operations in both a supervisory and productive roll. I consulted with all professionals involved in the litigation and I was the ultimate decision-maker as to strategic courses-of-action.

48.

I have reviewed my time entries regarding all the work I performed on this case, and such entries reflect that I worked 346.1 hours on this file. Based upon my review of the time entries and my deep personal knowledge of the case, it is my opinion that the number of hours that I worked on this matter, including those hours for which Jones Cork & Miller now seeks a recovery, were reasonable, necessary and required to complete my tasks that effectively led to the excellent result in favor of Plaintiffs.

---

[4] Through February 17, 2014 (an amount which may be supplemented to reflect work performed since that date).

49.

Such time entries indicate that I was involved with the matter from the very beginning in which I took time to meet with the Plaintiff and other prospective plaintiffs to analyze and determine potential claims they had against the Defendant. Moreover, such preliminary work included the development of an appropriate fee agreement to be entered into between Counsel and Plaintiff. Moreover, as time drew near for filing the initial action, facts regarding Defendant's nature as a public entity and employer required the development of unique issues and time demanding tasks. I spent a substantial amount of time reviewing applicable case law regarding the claims and drafting the Complaint with accompanying documentation.  This pre-work was done in order to ensure efficient litigation for the parties and the court later as the case developed further. Plaintiffs' Counsel worked long hours to the exclusion and postponement of other business in the Summer of 2012 to investigate and develop an appropriate complaint to pursue Plaintiffs' claims, especially after efforts to obtain documents through the Open Records Act were forestalled by the Defendant.

As noted above, FLSA claims encourage attorneys to take on certain employment matters where the recovery for one individual may be to meager to warrant the attorney's time and effort. Based on such, FLSA allows for similarly-situated individuals to "opt-in" to FLSA claims thereby making it more practical for an attorney to pursue such recovery on their behalf. Due to the nature of these types of claims, I spent a substantial portion of my time developing, contacting, corresponding, and addressing issues and concerns of prospective opt-in plaintiffs who expressed interest in joining the matter. Further, as noted above, for employees who have and continue to suffer ongoing improper wage withholdings, such as Plaintiffs here, the statute of limitations scheme for FLSA effectively results in the loss of recovery of those wages with every

15

day that rolls off the limitations period. Thus, it was paramount that I, on behalf of the Plaintiffs, act in a cautious haste to preserve their full rights to recover their entitled wages. I assisted in the preparation and revision of a Motion for Conditional Certification of the Collective Action and a request to have this Court authorize notice to other prospective plaintiffs of their ability and right to opt-in to this matter as a similarly situated individual. I developed a method in order to streamline this process in the most cost and time efficient manner as possible. Upon granting of the Motion for Conditional Certification, Counsel for Plaintiffs was provided a list of potential opt-in Plaintiffs, and I developed a method by which information could be presented to such potential plaintiffs and provided the necessary documents needed in order to have them join the litigation. Ultimately, this litigation resulted in 33 Plaintiffs of record. Each such Plaintiff brought with him or her numerous and substantial tasks including the preparation of fee agreements, written consents to opt-in, Ante Litem notices, motions and other necessary documents that were required to be prepared and filed on their behalf in order to become a part of the collective class. Moreover, communications with each individual Plaintiff, including particular issues that arose with specific Plaintiffs, had to be dealt with on an ongoing basis in order to fully understand the facts as applicable to their particular claim, apprise them of their rights and to update them on the status of the litigation.

Further, I was involved in the development and preparation of all legal matters of the litigation including the preparation, development, participation, organization, drafting, revision, and filing of: a scheduling order; Rule 26(f) Conference and report; mandatory initial disclosures; discovery requests; review and analysis of responses; consent protective order; joint stipulation for conditional certification of the collective action; opposing Defendant's' motion to dismiss; and a pre-trial order. I also participated in the lengthy settlement negotiations of the case

which included the preparation of a settlement demand. These negotiations took considerable

amounts of time as is reflected by the numerous stays of court pending settlement entered in this

matter. As part of these negotiations, I attempted to reach a settlement as to reasonable attorney's

fees as well as damages but was ultimately unsuccessful thereby leading to the necessity of this

Motion. In that regard, just prior to my departure from Jones Cork & Miller, I assisted in the

early development of this Motion for Attorney's Fees including the revision of time entries and

work performed by the firm in pursuit of excellent result obtained by Plaintiffs. Throughout this

entire litigation process, I was the point contact for Jones Cork & Miller on all matters and I

personally corresponded with all 33 Plaintiffs, counsel for Defendant, this Court and other third

parties as the litigation so dictated. With the number of individuals personally involved in this

matter, such communications resulted in a considerable amount of time expended in order to

litigate and negotiate a settlement in this case (for example, I personally received and/or

responded to nearly 800 emails during the pendency of this litigation). Throughout the litigation,

I provided direction to the other professionals of Jones Cork & Miller working on this matter and

requested their assistance in performing various tasks as outlined in each respective affidavit.

50.

Again, based upon my review of the applicable time entries and my knowledge of the

case, I believe that the total number of hours spent by all attorneys and persons on this file was

reasonable, necessary and required in pursuing the excellent result obtained on behalf of

Plaintiffs.

**Expenses**

51.

17

Reasonable litigation expenses are ordinarily included in an award of a statutory attorneys' fee. *See Dowdell v. City of Apopka, Fla.,* 698 F.2d 1181, 1190 (11th Cir.1983). Courts have held the following types of litigation expenses recoverable as part of an attorneys' fee award:  travel, meals, lodging, photocopying, long-distance telephone calls, computer legal research, postage, courier service, mediation, exhibits, document scanning, and visual equipment. *See Calderon v. Witvoet, supra,* 112 F.3d 275, 276 (7th Cir. 1997); *Colunga v. Young,* 722 F.Supp. 1479, 1488 (W.D.Mich.1989), *aff'd,* 914 F.2d 255 (6th Cir.1990).

52.

Jones Cork & Miller incurred $6,471.99 in out-of-pocket expenses over the course of this litigation.  These expenses consist of photocopy expenses at a rate of $0.20 per copy, facsimile charges (at a rate of $0.10 local and $0.20 long distance per page), computer research services (without mark-up), postage (classified in our billing system as "postage/outside courier" although no outside courier was utilized here), court costs, and travel expenses (mileage at the IRS rate and two nights in a Jekyll Island hotel at a rate of $89 per night). All of these expenses are customarily charged by our firm to non-insurance company clients. The amount of each expense is itemized on Attachment A, attached to the Affidavit of Sharon H. Reeves. Counsel has deleted a $25 miscellaneous charge. All of these expenses have been reasonably required by this litigation and are customarily incurred in the type of legal services we provide.

53.

Based upon my review of the applicable time entries and my knowledge of the case, I believe that the total number of hours spent by all attorneys and persons on this file was reasonable, necessary and required in pursuing the excellent result obtained on behalf of Plaintiffs.

## Conclusion

54.

Upon revision of all time entries and expenses incurred as a result of this litigation, I

believe that Jones Cork & Miller exercised reasonable billing judgment in regards to the services

rendered and the fees now sought. All time included in this Motion for Attorney's Fees was

reasonable, necessary and required in pursuing the excellent result obtained on behalf of

Plaintiffs. At all times, Jones Cork & Miller used its best efforts to safeguard against the

unnecessary duplication of services performed. Each professional involved contributed in his or

her own distinct manner by performing different functions and were each involved in different

aspects of the work.

55.

Thus, I am of the opinion that the attorney's fees and expenses incurred by Jones Cork &

Miller in the total amount of $211,573.99 are reasonable in light of the above-referenced

standards, and Jones Cork & Miller should be entitled to a recovery of the same.

FURTHER AFFIANT SAYETH NOT.

This 20th day of February, 2014.

_____
SHERRY H. CULVES

Subscribed to and sworn before me
this 20 day of Feb., 2014.

_____
Notary Public, State of Georgia

My Commission Expires: 7/25/2016

# Nelson Mullins ®



**Sherry Culves**
Partner

sherry.culves@nelsonmullins.com
T: 404.322.6364
F: 404.322.6048

Atlantic Station
201 17th Street NW, Suite 1700
Atlanta, GA 30363

**Admissions**
Georgia

**Areas of Law**
Education Law
Employment and Labor
Litigation
Appellate

Photo Download
vCard
Printer Friendly Version

Sherry H. Culves is a partner in Nelson Mullins Riley and Scarborough LLP's Atlanta office where she practices in the areas of education law, employment law, and general litigation. Ms. Culves has represented numerous school districts throughout Georgia, ranging from a 50,000-plus urban system to mid-size and small, rural school districts. She speaks in a variety of venues in the area of education and employment law and regularly presents to groups supporting public school systems on both a state and national level.

**Experience**

- Has advised numerous school districts in the areas of personnel investigations, discipline and discharge, and compliance with the Fair Dismissal Act, student discipline, special education, religion in the schools, charter schools, first amendment issues, Title IX, Section 1983, the IDEA, Section 504, and compliance with the Open Meetings and Open Records Acts
- Has litigated in the Office of State Administrative Hearings, State, Superior, and Federal Courts as well as appellate courts
- Has handled numerous manifestation determinations, student discipline hearings and appeals, IEP meetings, special education mediations, and early resolution sessions
- Has litigated numerous IDEA and § 504 disputes with the State Department of Education, as well as the office of State Administrative Hearings
- Has litigation and appellate experience, having handled multiple IDEA, § 504, ADA, Title VII, FLSA, and § 1983 cases in the federal courts on behalf of employers and school districts

**Previous Professional Experience**

- Attorney and partner at a Georgia law firm for 14 years where she represented school districts, hospitals, and private employers in EEOC charges and in cases involving Title VII claims, sexual harassment, race discrimination, retaliation, the Fair Labor Standards Act, ADA, ADEA, FMLA, Equal Pay Act, Title IX, negligent hiring and retention, infliction of emotional distress, and municipal liability
- Conducted training seminars and completed policy development for clients across the state of Georgia
- Represented numerous school districts throughout the state of Georgia in special education disputes

**Speaking Engagements**

- LRP's 20th Annual Special Education School Attorneys Conference

**Professional Associations and Memberships**

- Macon Bar Association
- State Bar of Georgia
  - Employer's Duties and Problems Committee
  - School and College Law Committe
- Georgia School Boards Association Council of School Attorneys
- National School Boards Association Council of School Attorneys

**Awards and Honors**

- Georgia Super Lawyers Rising Star – School and Education Law (2007)
- Leadership Macon (2003)

**Publications**

- American School Board Journal: The 12 Rules of Christmas. (November/December 2013, Vol. 200, No. 10)
- American School Board Journal: Surviving a Special Ed Battle. (October 2013, Vol. 200, No. 9)
- "Smith v. State: The Georgia Supreme Court Mandated Jury Instructions in Battered Person Syndrome Cases," 49 Mercer L. Rev. 1141 (1998)

**Education**

- Mercer University School of Law, Juris Doctor, cum laude (1999)
  - Managing Editor, Mercer Law Review
- University of Florida, Bachelor of Science in Public Relations (1996)



## JONES CORK & MILLER LLP

ATTORNEYS AT LAW · SINCE 1872

### SHARON H. REEVES

**Primary Practice Areas:**

Litigation, Trial and Appellate
Medical and Professional Malpractice
Personal Injury
Labor and Employment
Workers Compensation Practice
Insurance and Self-Insurer Defense



**Education:**

University of Georgia College of Journalism, B.A., cum laude, 1991
University of Georgia School of Law, J.D., 1995

Sharon Hurt Reeves is a partner in the firm, primarily working in the areas of workers' compensation, trial and appellate litigation, and insurance defense. Ms. Reeves has extensive experience representing employers and insurers in workers' compensation litigation at the trial and appellate levels in various jurisdictions throughout the state. She has tried many workers' compensation cases and has contacts throughout the state with physicians, rehabilitation experts, and private investigators, whose efforts are often critical to an appropriate resolution of these claims. She stays abreast of employment law and subrogation issues that can impact workers' compensation claims handling.

Ms. Reeves also maintains an active trial and appellate practice, representing clients in both state and federal courts. She has represented clients within the state as well as out-of-state clients in Georgia's state and federal courts. She has extensive experience in handling employment cases at all levels from the Equal Employment Opportunity Commission through the United States Federal Courts, including a 2013 defense verdict in the Middle District of Georgia for a large national corporate employer. She also enjoys defending medical malpractice and personal injury cases.

Ms. Reeves is currently an advisor to the Georgia State 4-H Board and a Trustee of the Georgia 4-H Foundation. Ms. Reeves is a 2002 graduate of Leadership Macon and a member of the Middle Georgia Employers Association. She is Secretary of Macon Soccer Club Board of Directors and manages the Macon Soccer Club U11 Boys Academy team, and leads a small group in the Northway Baptist Church Kids Ministry. Ms. Reeves is a frequent speaker at various legal seminars and employer training sessions.

## CANON BROWN HILL (ASSOCIATE)



**Primary Practice Areas:**

Education Law
Labor and Employment
Litigation, Trial and Appellate

**Education:**

University of Georgia, BA in Journalism, 2002
Mercer University - Walker F. George School of Law, J.D., 2005

Canon Brown Hill has been an associate at Jones, Cork & Miller, LLP since 2008.  Ms. Hill represents several school districts throughout the middle Georgia area.  In addition to daily counseling, which includes policy development, matters relating to the Fair Dismissal Act, student discipline and compliance with the Open Records Act, she has worked on cases brought under Title VII, § 1983, Title IX and numerous state laws.  She has also prepared and presented training seminars and has represented school districts and private employers in EEOC charges.

Ms. Hill graduated with a B.A. degree in journalism, cum laude, from the University of Georgia in 2002.  She received her juris doctor from Mercer University School of Law in 2005.

Ms. Hill is a member of the Macon Bar Association and the State Bar of Georgia.  She is also a member of the Georgia Young Lawyers Division and has served as a representative for the middle Georgia area.  She has served as the President of the Macon Young Lawyers Division.  She is a 2007 graduate of Leadership Henry County and Leadership Butts County.  Additionally, Ms. Hill is a member of the Counsel of School Attorneys for both the National School Board Association and the Georgia School Board Association.

Ms. Hill lives in Forsyth with her husband, two sons and Labrador Retriever.



ABOUT US    ATTORNEYS    PRACTICE AREAS    NEWS    EMPLOYMENT    SEARCH    CONTACT

# Hays B. McQueen (Associate)

**Primary Practice Areas:**

Public Finance
Commercial Transactions
Litigation, Trial and Appellate
Insurance and Self-Insurer Defense
Business and Corporate Law

**Education:**

University of Georgia, School of Public and International Affairs, B.A., 2006
Mercer University, Walter F. George School of Law, J.D., cum laude, 2010

Hays B. McQueen is an associate with the firm who works primarily in the areas of general litigation, insurance and self-insurance defense, and business and corporate litigation. Mr. McQueen is from Macon and graduated from the University of Georgia in 2006 with a B.A. in political science.

Mr. McQueen attended Mercer University, Walter F. George School of Law where he graduated cum laude in 2010. While at Mercer, Mr. McQueen was a member of the Moot Court Board and part of the Advanced Legal Writing Certificate Program. He was admitted to the State Bar of Georgia in 2010.



hays.mcqueen@jonescork.com


download vcard

Jones Cork & Miller LLP
5th Floor SunTrust Bank Bldg.
435 Second Street
Macon, Georgia 31201
P.O. Box 6437
Macon, Georgia 31208-6437

Phone (478) 745-2821
Facsimile (478) 743-9609



SHARE








ABOUT US    ATTORNEYS    PRACTICE AREAS    NEWS    EMPLOYMENT    SEARCH    CONTACT

# Collier W. McKenzie (Associate)

**Primary Practice Areas:**

Litigation, Trail and Appellate
Business and Corporate Law
Personal Injury

**Education:**

University of Georgia, B.S.A., 2007
Mercer University School of Law, J.D., 2011

**Professional Activities:**

Member - State Bar of Georgia
Member - Macon Bar Association and Young Lawyers Division



collier.mckenzie@jonescork.com

Jones Cork & Miller LLP
5th Floor SunTrust Bank Bldg.
435 Second Street
Macon, Georgia 31201
P.O. Box 6437
Macon, Georgia 31208-6437

Phone (478) 745-2821
Facsimile (478) 743-9609

Collier W. McKenzie is an associate with the firm and is currently working in the areas of Business, commercial and personal Injury Litigation.  Collier is originally from LaGrange, Georgia and graduated from the University of Georgia in 2007 with a major in Agribusiness and a minor in Environmental Law.

Prior to joining the firm, Collier worked for the President Pro Tempore of the Georgia Senate as an Aide during the 2008 session and a Legal Aide during the 2011 session.  Collier attended Mercer University School of Law where he was a student member of the Bootle Inn of Court.  In 2011, Collier received his J.D. from Mercer and was admitted to the State Bar of Georgia.

SHARE









## BACKGROUND SUMMARY

## JESSICA EKEY, PARALEGAL

Jessica Ekey is a paralegal at Jones Cork & Miller.  She has been employed by Jones Cork & Miller since June 2009.  Prior to her employment at Jones Cork & Miller, she worked for Waddell & Associates in Milledgeville, Georgia, as a paralegal.  She is a 2007 graduate of Georgia College and State University, where she obtained her B.B.A.