IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| DAVID L. JACKSON, <br> HELEN DENISE MORAN, <br> Individually and on behalf of all other <br> similarly situated individuals <br><br> Plaintiff, <br><br> v. <br><br> NEAL JUMP, <br> in his official capacity as Sheriff of <br> Glynn County, Georgia; and <br> THE GLYNN COUNTY SHERIFF'S OFFICE <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | CIVIL ACTION NO. 2:12-CV-00135 |

## AFFIDAVIT OF SHARON H. REEVES

STATE OF GEORGIA

COUNTY OF BIBB

Before the undersigned officer, duly authorized to administer oaths, comes Sharon H. Reeves, to me known, who being first duly sworn, says:

1.

My name is Sharon H. Reeves. I have been a Partner with the law firm of Jones, Cork & Miller, LLP ("Jones Cork & Miller") since 2001. I initially joined the firm in 1995. I specialize in the areas of employment law, insurance defense, workers' compensation and general litigation. I am a member in good standing of the State Bar of Georgia and have been since 1995.

2.

In my practice, I regularly advise employers on all areas of employment law including discrimination, benefits, wage and hour issues, discipline and discharge, workers compensation



and a myriad of other issues. I have represented governmental entities and private employers in Title VII claims, sexual harassment, race discrimination, retaliation, the Fair Labor Standards Act, tort claims, workers' compensation claims, and others. I also conduct employee and supervisor training on these topics.

3.

Based on the foregoing, I believe that I am qualified to render an opinion as to the reasonableness of the fees to be recovered by Jones Cork and Miller in this matter.

4.

This affidavit is being presented as evidence in support of Plaintiffs' Motion for Attorney's Fees and Expenses in connection with its representation of Plaintiffs on their Fair Labor Standards Act ("FLSA") claims.

5.

Since the departure of Sherry H. Culves from Jones Cork & Miller on December 31, 2013, I have acted as lead counsel for the firm in this matter. I concur with all opinions contained within the Affidavit of Sherry H. Culves attached to Plaintiffs' Motion for Attorney's Fees and Expenses.

6.

As part of my role as lead counsel since January 1, 2014, I have overseen the administration and settlement of the case as well as the development of this Motion for Attorney's Fees and Expenses and all services performed subject thereto.

7.

Specifically, on January 31, 2014, Counsel for Plaintiffs accepted Defendants' Third Offer of Judgment on behalf of all original and Opt-In Plaintiffs[1] to be taken against Defendants in the total amount of Eighty-Six Thousand Seventy-One and 35/100 Dollars ($86,071.35), subject to a determination by this Court of reasonable attorney's fees and costs to date of the judgment and necessary to conclude the settlement in full.

8.

The final offer accepted by the Plaintiffs compensated each such Plaintiff for all uncompensated hours and overtime for a period of three years, liquidated damages in an additional equal amount, plus approximately a 3% add-on amount to account for human error. Therefore, Plaintiffs fully recovered the damages sought.

9.

Attached as Attachments B-D are detailed statements of all hours that were expended by professionals of Jones Cork & Miller and those hours which Plaintiffs' Counsel now seek a recovery in connection with the litigation[2]. As the custodian of such records, I can verify the accuracy and authenticity of its contents. Plaintiffs' Counsel kept contemporaneous meticulous detailed records of time expended to the tenth of an hour. The full amount of legal fees which Jones Cork & Miller now seeks as a recovery for the services that it provided to Plaintiffs in this matter through February 17, 2014 amounts to $205,102.00. Further, the total amount of expenses incurred by Jones Cork & Miller in litigating this matter through February 17, 2014 amounts to $6,471.99. Thus, the total amount of recovery for fees and expenses that Jones Cork & Miller

---

[1] Opt-In Plaintiff Rose Roberts did not join in the acceptance of the Offer of Judgment. When referenced throughout this affidavit, "Plaintiffs" who have recovered in this action does not include Rose Roberts.

[2] Counsel has incurred fees and expenses after February 17, 2014 in pursuance of its Motion for Attorney's Fees that are not reflected in this summary and may be supplemented at a later date.

now seeks is $211,573.99. As an aid to the Court, Jones Cork & Miller has created a summary chart of its fees. Copies of those charts are attached. Attachment A is, "Summary of Attorney's Fees Requested Grand Total." This chart provides the total hours and rate requested for each professional, the total dollar value of the voluntary reduction of fees ($17,013), and the grand total of fees requested. The "Summary of Expenses Requested Grand Total" details the expenses in each category (photocopies, computer research, etc.) for each billing period. The dates in the various billing periods have no relevance to this litigation. They are simply the result of the firm's accounting practices. Page 2 of Attachment A is a summary of the voluntary reductions made by Jones Cork & Miller. Attachments B, C, and D simply provide the breakdown of the same information for each billing period.

10.

As part of its Motion, Counsel has conscientiously reviewed the legal bills for inefficiencies and stricken time billed by any professional of less than $1,000, all time billed by students serving as law clerks, and 30% of time billed by a less experienced associate attorney earlier in the litigation. Along with a few other deductions, this produced a $13,784.00 reduction of fees for all time billed from inception of this matter through October 24, 2013.[3] That amount is 8% of the total time recorded for the relevant period. As a part of this petition, Jones Cork & Miller is further voluntarily reducing all fees recorded on this matter from October 24, 2013 forward by 8%, which equals $3,254.00. It is my opinion that Jones Cork & Miller has been extremely efficient in the handling of this litigation over the past few months; however, Plaintiffs have voluntarily made all of these reductions to produce a fee petition that is, without question, reflective of the reasonable and necessary time spent by Plaintiffs' counsel to produce the

---

[3] There is no relevance to the date of 10/24/2013 except that Jones Cork & Miller conducted a detailed review of its bill applying its judgment and discretion as of that date as a part of settlement negotiations, thus this calculation is being used for economy of time.

excellent result obtained for Plaintiffs, giving Defendant the benefit of all doubt and recognizing that the Defendant is the steward of public money. In providing these deep discounts on its fee petition, Plaintiffs' counsel hopes that no further litigation of the matter will be necessary as "[a] request for attorney's fees should not result in a second major litigation," but rather, it is "perfectly proper to award attorney's fees based solely on affidavits in the record[,]" and "[t]he court…is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment with or without the aid of witnesses." *Norman*, 836 F.2d at 1303.

11.

Attached as Attachments B-D are the detailed time entries submitted by the above professionals of Jones Cork & Miller involved in this litigation. These time entries were submitted by the professionals at or near the time which the services were performed. Moreover, such time entries are created and kept within the ordinary course of business and are a regular practice of every timekeeper at Jones Cork & Miller. Such time entries reflect the services rendered and the amount of time spent by each respective professional. These time entries support the basis for Jones Cork & Miller's Motion for Attorney's Fees. These entries begin on May 30, 2012, the date upon which preliminary work initially began in developing the particular area of law and communicating with prospective clients, through February 17, 2014. Specifically, these time entries provide the following information:

    (a) The date the services were rendered;

    (b) The professional who rendered such services;

    (c) The nature of the services rendered;

    (d) The time spent on the services rendered.

12.

Attached as Attachment A is an itemized listing of the expenses actually incurred in litigating this matter, which Jones Cork & Miller now seeks to recover. Attachments B-D provide the detailed breakdown by billing cycle. All of these expenses have been reasonably required by this litigation and are customarily incurred in the type of legal services we provide

13.

In presenting the above fees and expenses, Jones Cork & Miller has exercised its billing judgment and intends only to seek a recovery for the services performed by the above-named professionals at the appropriate rates for each such professional in accordance with his or her experience and qualifications. The aim of having such a team for litigating this matter was to achieve the best results possible for the client in the most cost-efficient manner possible. It is my opinion that the claimed fees and expenses charged by Jones Cork & Miller relating to this matter are reasonable and were necessary and required for obtaining the excellent result received by Plaintiffs.

14.

At all times, Jones Cork & Miller has used its best efforts to safeguard against the unnecessary duplication of services performed. In my opinion, the case was handled in an efficient and cost-effective manner in light of the tasks and challenges that presented themselves along the way. Each professional involved contributed in his or her own distinct manner by performing different functions and were each involved in different aspects of the work.

15.

In total, Jones Cork & Miller seeks to recover 1,052.7 hours of combined time that all professionals worked on this matter. Based upon my review of the applicable time entries and

my knowledge of the case, I believe that the total number of hours spent by all attorneys and persons on this file was reasonable, necessary and required in pursuing the excellent result obtained on behalf of Plaintiffs.

16.

I have reviewed my time entries regarding all the work I performed on this case, and such entries reflect that I worked 251.9 hours on this file. Based upon my review of the time entries and my deep personal knowledge of the case, it is my opinion that the number of hours that I worked on this matter, including those hours for which Jones Cork & Miller now seeks a recovery, were reasonable, necessary and required to complete my tasks that effectively led to the excellent result in favor of Plaintiffs.

17.

Such time entries indicate that I was involved with the preliminary development of the matter where I met with various Plaintiffs. Upon acceptance of our representation by Plaintiff, I spent substantial time drafting the Fee Agreement with Plaintiff with the forward thinking that this matter would be a collective action pursuant to FLSA and, therefore, other potential plaintiffs would eventually opt-in. Moreover, my pre-litigation services included the development and preparation of lay language for the opt-in notice for the future. I carefully drafted both of these in a fashion that could be easily understood by non-lawyers. I also corresponded regularly with the initial Plaintiff in order to fully develop the potential class of Plaintiffs who may desire to opt-in to the matter. Further, I assisted with drafting the initial Complaint. Moreover, I spent a substantial amount of my time traveling to the local forum for purposes of meeting with the potential plaintiffs to address any issues or concerns they may have regarding the action or any potential fears of retaliation. I interviewed numerous Plaintiffs and

witnesses to develop their claims and understand how their time was recorded and how their requests for payment for time spent working was addressed (or not addressed) by Defendant. Due to the size of the potential opt-in class, these meetings in Glynn County occurred on several occasions. As the litigation progressed, I assisted in the drafting of the initial disclosures as required under the Federal Rules of Civil Procedure. Further, I drafted the initial Notice of Collective Action which was to be approved by the Court and authorized to be sent to potential plaintiffs upon the granting of Plaintiffs' Motion for Conditional Certification. I also oversaw and assisted with one of our associates, Hays McQueen, in the development of issues for and the preparation of the Motion for Conditional Certification and the Issuance of Court Authorized Notice to Potential Plaintiffs. My services performed also included the revision and editing of the proposed protective order agreed to by the parties. I assisted in drafting a Motion Nunc Pro Tunc and Brief in Support thereof for named-Plaintiff David Jackson. I also assisted co-lead counsel Sherry Culves in the development of a pre-trial order. I was heavily involved in all matters relating to the settlement of this litigation which required and necessitated many hours of work analyzing the data provided by Defendant and performing independent calculations and analysis for each of the 32 Plaintiffs. Since the acceptance of Defendants' Third Offer of Judgment by Plaintiffs, I have overseen the development of this Motion for Attorney's Fees and Expenses and all necessary tasks thereto.

18.

Again, based upon my review of the applicable time entries and my knowledge of the case, I believe that the total number of hours I spent on this file was reasonable, necessary and required in pursuing the excellent result obtained on behalf of Plaintiffs.

19.

Moreover, based upon my review of the applicable time entries and my knowledge of the case, I believe that the total number of hours spent by all attorneys and persons on this file was reasonable, necessary and required in pursuing the excellent result obtained on behalf of Plaintiffs.

20.

Further, I believe that the proffered hourly rate of $225.00 per hour for the representation of Plaintiffs is reasonable in light of my experience and qualifications.

21.

I am of the opinion that the attorney's fees and expenses incurred by Jones Cork & Miller in the total amount of $211,573.99 are reasonable in light of the above-referenced standards, and Jones Cork & Miller should be entitled to a recovery of the same.

FURTHER AFFIANT SAYETH NOT.

This 10 day of February, 2014.

_____
SHARON H. REEVES

Subscribed to and sworn before me
this 20th day of February, 2014.

_____
Notary Public, State of Georgia

My Commission Expires: 8-16-__