# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

DAVID L. JACKSON,
Individually and on behalf of all other
similarly situated individuals,

       Plaintiff,

vs.

NEAL JUMP,
In his official capacity as Sheriff of
Glynn County, Georgia,

       Defendant.

\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*

CV 212-135

## ORDER

Before the Court are Plaintiffs' Motion for Attorney's Fees and Expenses, Dkt. No. 174, and both parties' Joint Motion for Approval of Acceptance of Offer of Judgment. Dkt. No. 177. These motions are before the Court following Plaintiffs' acceptance of Defendant's Third Offer of Judgment in the amount of $86,071.35, subject to the Court's determination of reasonable attorneys' fees and expenses. Defendant objects to many components of Plaintiffs' fee petition. See Dkt. No. 187. The Court held a Motions Hearing on May 6, 2014 regarding the attorneys' fees issue. See Dkt. No. 202. The Court has

carefully inspected all records submitted by the parties in support of the motions.

## PROCEDURAL BACKGROUND

On August 3, 2012, named Plaintiff David L. Jackson, individually and on behalf of similarly situated individuals, filed a Complaint against Wayne V. Bennett in his official capacity as Sheriff of Glynn County, Georgia and the Glynn County Sheriff's Office. Dkt. No. 1. Plaintiffs' claims were based on the alleged denial and inappropriate withholding by Defendant of wages and overtime income entitled to Plaintiffs, in violation of the Fair Labor Standards Act ("FLSA") and various state laws. Dkt. No. 175, p. 2. Eleven similarly situated individuals filed written consents and opted in to the action, and after conditional certification of the class and notice of the action to other similarly situated individuals, 21 additional individuals opted in.[1]

The parties began settlement negotiations following entry of the Pre-trial Order on June 10, 2013. On January 31, 2014, Plaintiffs accepted Defendant's Third Offer of Judgment for $86,071.35, subject to a determination of the Court on the issue of attorneys' fees and expenses. The Offer of Judgment amount covers Plaintiffs' claims for compensatory and overtime wages

---

[1] There was a Joint Stipulation for Conditional Certification. Dkt. No. 75. On March 26, 2013, Sheriff Wayne V. Bennett was dismissed from the lawsuit and replaced by the new Sheriff, Neal Jump, in his official capacity as Sheriff of Glynn County, Georgia. Dkt. No. 85.

AO 72A
(Rev. 8/82)

for the hours they worked for Defendant for the three years prior to the action but for which they were not compensated at the proper rates. See Dkt. No. 175, pp. 2-3.

As shown by the docket, this dispute has been relatively non-contentious, and the parties have proven capable of working together productively. Still, the parties have not been able to come to an agreement on the issue of reasonable attorneys' fees and expenses. The major remaining disagreements are over the reasonable number of hours Plaintiffs' counsel expended on this action and the nature of the results that Plaintiffs have obtained.

Plaintiffs seek an award of $223,507.16 in attorneys' fees and $6,471.99 in expenses, for a total of $229,979.15. Dkt. No. 201-1, p. 13. Plaintiffs engaged in a detailed audit of their billing from the inception of the dispute through October 24, 2013. Based on this review, they purport to have eliminated unwarranted, redundant, and excessive time entries, which resulted in an 8% reduction of the total amount of fees recorded. Dkt. No. 198, Ex. B, ¶ 2. Plaintiffs then applied an "across-the-board" 8% reduction to the bills for several remaining billing periods, all the way through April 24, 2014. Dkt. No. 174-4, p. 1; Dkt. No. 201-1, p. 13. In a filing dated April 30, 2014, Plaintiffs added $3,825.00 to requested fees based on time that Sharon Reeves planned to spend preparing for

and participating in the Motions Hearing on May 6, 2014.  Dkt.
No. 201-1, p. 4.  After Defendant objected to the lack of
precision in Plaintiffs' decision to apply an 8% reduction to
the amounts billed after October 24, 2013, Plaintiffs proclaim
to have undertaken an hour-by-hour analysis, which revealed that
the 8% reduction was too deep of a cut.  Thus, Plaintiffs did
not amend their petition based on that analysis.  Dkt. No. 203,
p. 1.  At the Court's request, Plaintiffs submitted an exhibit
showing which time entries they eliminated in the exercise of
billing judgment.  See Dkt. No. 203-2, Ex. 10.

## LEGAL BACKGROUND

Title 29 U.S.C. § 216(b) provides that a court must allow a
prevailing plaintiff in a Fair Labor Standards Act ("FLSA") suit
to recover attorneys' fees and costs.  Kreager v. Solomon &
Flanagan, P.A., 775 F.2d 1541, 1542 (11th Cir. 1985).  Where the
parties have agreed to settle an FLSA dispute, the plaintiff, in
order to be considered a prevailing party, must obtain a
stipulated or consent judgment from the court "evincing the
court's determination that the settlement 'is a fair and
reasonable res[o]lution of a bona fide dispute over FLSA
provisions.'"  Mayer v. Wall St. Equity Grp., Inc., 514 F. App'x
929, 934 (11th Cir. 2013)(quoting Lynn's Food Stores, Inc. v.
U.S. Dep't of Labor, 679 F.2d 1350, 1355 (11th Cir. 1982)).

AO 72A
(Rev. 8/82)

The district court must determine what fee is reasonable, which it does by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The product of those numbers is known as the "lodestar." Norman v. Housing Auth. of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). Fee applicants must exercise billing judgment and "make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary[.]" Hensley, 461 U.S. at 434. The fee applicant bears the burden of establishing its entitlement to the fees sought. As such,

> fee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity . . . A well-prepared fee petition would also include a summary, grouping the time entries by the nature of the activity or stage of the case.

ACLU of Ga. v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999)(quoting Norman, 836 F.2d at 1303). Those opposing fee applications must also be specific and reasonably precise. Barnes, 168 F.3d at 428.

"Redundant, excessive, or otherwise unnecessary hours should not be included in the calculation of hours reasonably expended." Perez v. Carey Int'l, Inc., 373 F. App'x 907, 910-11 (11th Cir. 2010)(citing Hensley, 461 U.S. at 434). Even where

AO 72A
(Rev. 8/82)

one party prevails, "the district court still must determine whether time was reasonably expended, and if it was not, that time should be excluded from the fee calculation." Id. In determining the reasonableness of hours billed, the court "should bear in mind that the measure of reasonable hours is determined by the profession's judgment of the time that may be conscionably billed and not the least time in which it might theoretically have been done." Norman, 836 F.2d at 1305-06. In addition to deducting unnecessary and redundant hours from the fee calculation, the court excludes time spent on "discrete and unsuccessful claims[.]" Duckworth v. Whisenant, 97 F.3d 1393, 1397 (11th Cir. 1996)(quoting Norman, 836 F.2d at 1301-02).

The lodestar as calculated in Hensley presumptively includes consideration of the twelve factors adopted in Johnson v. Ga. Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974).[2] Norman, 836 F.2d at 1299 (citing Pennsylvania v. Del. Valley Citizens' Council, 478 U.S. 546, 560-68 (1986)); see also Bivins v. Wrap It Up, Inc., 548 F.3d 1348, 1350 (11th Cir.

[2] The Johnson factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Johnson v. Ga. Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974), overruled on other grounds by Blanchard v. Bergeron, 489 U.S. 87, 90 (1989). In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions handed down by the former Fifth Circuit before October 1, 1981.

2008)(stating "the court is to consider the 12 factors enumerated in [Johnson]" in determining the reasonable hourly rate and number of compensable hours).

When a district court finds the number of hours claimed in the fee petition is unreasonably high, "the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." Bivins, 548 F.3d at 1350 (citing Loranger v. Stierheim, 10 F.3d 776, 783 (11th Cir. 1994)(holding "an hour-by-hour analysis of a fee request is not required" where fee documentation is voluminous)); see also Galdames v. N & D Inv. Corp., 432 F. App'x 801, 806 (11th Cir. 2011)(citing Bivins, 548 F.3d at 1350, for this proposition in an FLSA case).  In calculating the lodestar, the district court may not use both methods (hour-by-hour analysis and an across-the-board cut), as this may result in double discounting of the requested hours.  See Bivins, 548 F.3d at 1351-52 (finding district court erred in using hour-by-hour analysis to calculate hours it deemed "reasonable" before applying further across-the-board 35% reduction to hours it previously said were reasonable, in order to derive reasonable number of compensable hours for lodestar calculation).

After the lodestar is calculated, the court may adjust the amount of fees in light of the results obtained through the

litigation. <u>Duckworth</u>, 97 F.3d at 1399 (citing <u>Hensley</u>, 461 U.S. at 434; <u>Norman</u>, 836 F.2d at 1302).

While there is a strong presumption that the lodestar is the reasonable fee, <u>Bivins</u>, 548 F.3d at 1350, the district court has wide discretion in calculating what constitutes a reasonable amount of attorneys' fees. <u>Loranger</u>, 10 F.3d at 781 (citing <u>Hensley</u>, 461 U.S. at 437). Still, the district court must set forth the decisions it makes, provide reasons for those decisions, and show its calculations. <u>Loranger</u>, 10 F.3d at 781 (citing <u>Norman</u>, 836 F.2d at 1304).

## DISCUSSION

I. **Lodestar**

   a. **Reasonable Hourly Rate**

The first step towards computation of the lodestar is determining the reasonable hourly rate, or "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." <u>Loranger</u>, 10 F.3d at 781 (quoting <u>Norman</u>, 836 F.2d at 1299). The fee petition suggests the following rates for the timekeepers:

- Sherry Culves (Partner): $250/hour

- Sharon Reeves (Partner): $225/hour

- Canon Hill (Associate): $165/hour

- Hays McQueen (Associate): $155/hour

- Collier McKenzie (Associate): $150/hour

- Jessica Ekey (Paralegal): $85/hour

Defendant's expert, Wade W. Herring, II, attested in his affidavit that the hourly rates requested by Plaintiffs' attorneys are reasonable. Dkt. No. 196-1, ¶ 15. Thus, the reasonableness of the hourly rates is not in dispute, and the Court will apply these rates in the lodestar calculation.

### b. Reasonable Hours Expended

The Court must next determine how many hours were reasonably expended by Plaintiffs' counsel in this case. In considering the reasonableness of the number of hours requested, the Court will refer to several of the 18 categories and upwards of 25 exhibits indicated by Defendant in an attempt to uphold its obligation, as the party opposing the fee application, to provide reasonably precise objections. Barnes, 168 F.3d at 428.

Plaintiffs provided summary charts showing the hours claimed by timekeeper, along with a significant amount of supporting documentation—including sworn testimony from the timekeepers that the hours spent on this case were not excessive but rather were reasonable and necessary in pursuing the results obtained. At the Court's request, Plaintiffs submitted an exhibit showing their line item reductions. See Dkt. No. 203-2, Ex. 10. The Court notes its difficulty in reviewing Plaintiffs' submissions relating to time billed, based on the fact that the

time entries are not sorted by timekeeper or by issue. The exhibit showing Plaintiffs' reductions is further difficult to utilize as it has strike-through marks over the descriptive words and is not organized by issue or timekeeper. See Barnes, 168 F.3d at 427 ("[T]he general subject matter of the time expenditures ought to be set out . . . [a] well-prepared fee petition would also include a summary, grouping the time entries by the nature of the activity or stage of the case.")(citations omitted).

The fee documentation in this case is undoubtedly voluminous, and an hour-by-hour review by the Court would be "impractical and a waste of judicial resources." Loranger, 10 F.3d at 783. Plaintiffs' original fee petition, including the brief and supporting documentation, is 157 pages long. Plaintiffs request compensation for a total of 1159.6 hours billed by six timekeepers. Defendant's opposition brief and documentation take up 332 pages. Defendant objects to 765.2 of the hours claimed by Plaintiffs. See Padurjan v. Aventura Limousine & Transp. Serv., Inc., 441 F. App'x 684, 687 (11th Cir. 2011)("The more than $200,000 [plaintiff] seeks in attorneys' fees is indication enough that this case is voluminous."); Villano v. City of Boynton Beach, 254 F.3d 1302, 1311 (11th Cir. 2001)(stating "[t]hose hours are extensive enough that we do not expect the district court or the

magistrate judge to conduct an hour-by-hour analysis" where appellant submitted 569.3 hours for compensation). As such, the Court will apply an across-the-board, percentage-based reduction to Plaintiffs' claimed hours, after considering and describing which hours are deemed unreasonable in this case. See Loranger, 10 F.3d at 783 (in cases where documentation is too voluminous to allow for hour-by-hour reductions, "it is sufficient for the court to provide a concise but clear explanation of its reasons for the reduction").

### i. **Excessiveness, Redundancy, and Lack of Necessity**

A major theme of Defendant's objections is that Plaintiffs have not exercised sufficient billing judgment and are seeking compensation for time that Defendant views as excessive, redundant, and unnecessary in the context of this case. Defendant points out that Plaintiffs seek compensation for the work of five attorneys and one paralegal, and many of the issues that typically lead to increased investments of time in a dispute were not present in this case.[3] Defendant's expert testified that the FLSA claims and procedural history in this case were not complicated or unique and recovery of fees for five attorneys and one paralegal would not be reasonable. Dkt. No. 196-1, ¶¶ 14, 16. Plaintiffs have provided sworn testimony

---

[3] For example, there were no depositions taken, Defendant consented to certification of collective action, no motions to compel were filed, and no motions to dismiss or for summary judgment were filed on the FLSA claims. Dkt. No. 196-1, ¶ 14.

that the time spent on the matter was reasonable and required, and each timekeeper's affidavit describes his or her role in the case. While the Court appreciates Plaintiffs' attempt at making voluntary reductions, the Court finds that some of the time for which Plaintiffs still seek compensation is excessive and contains redundancy.

In making this determination, the Court considers the novelty and difficulty of the questions involved. See Bivins, 548 F.3d at 1350 (explaining courts are to consider the factors from Johnson, 488 F.2d at 717-18, in determining reasonable number of hours). As noted by the United States District Court of the Southern District of Florida, "FLSA Cases are generally not complicated or highly risk-intensive." Silva v. Miller, 547 F. Supp. 2d 1299, 1305 (S.D. Fla. 2008)(considering the number of hours reasonably expended on an FLSA case); see also Oliva v. Infinite Energy, Inc., No. 1:11-cv-232, 2013 WL 6815989, at *7-8 (N.D. Fla. Dec. 24, 2013)(noting that "[f]ee petitions in FLSA cases are fairly standard and normally do not require this amount of time."). Plaintiffs in this case concede that the matter is "hardly one of 'first impression'" in considering this factor. Dkt. No. 175, p. 15.

The Court also considers the Johnson factor of time and labor required and particularly attempts to limit duplication of attorney efforts and time spent on tasks unnecessarily. 488

F.2d at 717. The Eleventh Circuit has found that "[r]edundant hours generally occur when more than one attorney represents a client[,]" but "[t]here is nothing inherently unreasonable about a client having multiple attorneys[.]" Norman, 836 F.2d at 1301-02. An award for time spent by multiple attorneys is proper if it "reflects the distinct contribution of each lawyer to the case and the customary practice of multiple-lawyer litigation[,]" but an award should be reduced if attorneys are unreasonably doing the same work. Johnson v. Univ. Coll. of Univ. of Ala. in Birmingham, 706 F.2d 1205, 1208 (11th Cir. 1983). Here, there were several instances where the Court finds attorneys were unnecessarily doing the same work and where attorneys spent unreasonable amounts of time on certain tasks.

Defendants point to numerous categories of hours as being unnecessary and excessive, and the Court agrees with several of those objections as they relate to the work undertaken in this case.

Defendant objects to 75 hours that four attorneys and one paralegal spent researching and drafting the motion for collective certification. See Dkt. No. 193-9, Ex. F. Defendant contends that Culves, a partner responsible for several of the hours, specializes in employment law and therefore should be familiar with the necessary law. Dkt. No. 187, p. 10. Defendant alleges that a large portion of Plaintiffs' Notice of

AO 72A
(Rev. 8/82)

Collective Action is very similar to one filed in a different case that is available online. Id. at p. 11. However, Plaintiffs' counsel explained at the May 6, 2014 Motions Hearing that they did not utilize a template. Defendant also notes the vagueness of several entries in this category, which makes it difficult to determine whether overlap exists. Id. at p. 12.

While not crediting Defendant's comments about Plaintiffs' counsels' expertise or the use of models, the Court agrees that the amount of time Plaintiffs spent on the motion for collective certification was excessive and that time entries show redundancy and overlap in the performance of tasks. Both partners on the case appear to have been working on this issue along with an associate, and the vague descriptions of time, particularly spent by the partners, do not show the Court that their contributions were distinct rather than overlapping.[4]

Defendant objects to 135.6 hours spent researching attorneys' fees and drafting the petition and supporting exhibits. See Dkt. No. 193-10, Ex. G. Defendant contends that

_____

[4] After three attorneys and a paralegal had already spent 16 hours on collective action issues, on November 13, 2012, Culves billed .9 hours for "[w]ork on Collective Action issues; review of process; review other Motions; Briefs; Orders regarding Collective Action Status; develop understanding of what is needed to move forward with Collective Action status." The following day, Reeves billed three hours for "work on conditional class certification concerns and notice." It is impossible from these entries to determine if the two partners' contributions were unique or if their efforts were overlapping, and this pattern persists throughout the rest of the time entries related to collective certification. The detailed time entries of McQueen could also represent redundant efforts, in conjunction with the time spent· by the two partners.

using four attorneys was excessive and that many of the time entries are redundant—particularly those pertaining to drafting affidavits. Plaintiffs contend that counsel undertook to complete the affidavits in the most efficient manner possible, but it was necessary to have each individual involved in the development of his or her own affidavit. Since Defendant's objections, Plaintiffs have requested compensation for an additional 106.9 hours spent on the issue of attorneys' fees.

While time spent litigating the amount of attorneys' fees is compensable, the Court finds the amount of time spent by Plaintiffs on this issue to be excessive. In Oliva, the district court found that the time spent preparing affidavits and researching attorneys' fees issues was excessive and reduced the time accordingly. 2013 WL 6815989 at *7-8 (reducing research time from 44.2 hours to 15 hours). In reviewing the time entries, several attorneys appear to have spent significant time researching the same legal issues and performing similar tasks.[5] Even where worded differently, the descriptions of time spent do not show that each individual's contribution was unique and necessary.[6] Overall, an unreasonable amount of time was

---

[5] Sherry Culves and Hays McQueen both seem to have performed independent legal research on controlling precedent, and Sharon Reeves and Hays McQueen both spent significant time researching, drafting, and revising the motion. See Dkt. No. 193-10, Ex. G.

[6] For example: - 2/5/2014(McQueen) "Continued development of authority in support of position as to recovery of attorney's fees under FLSA and drafting motion for attorney's fees regarding such analysis and preparation of supporting affidavit testimony of attorneys involved in the matter." 3.4

spent researching and drafting what is typically a fairly standard petition.

Defendant objects to Plaintiffs' request for hours billed for activities pertaining to the Plaintiffs' state law claims; specifically, 96.3 hours for the motion to dismiss state law claims based on sovereign immunity, Dkt. No. 193-15, Ex. L, 49.1 hours for work on joinder of Plaintiffs' state law claims, Dkt. No. 193-16, Ex. M, 11.4 hours for legal research on state law claims, Dkt. No. 193-17, Ex. N, 17.4 hours for research on ante litem notice, Dkt. No. 193-19, Ex. O, and 6.8 hours for work related to the Open Records Act requests, Dkt. No. 193-18, Ex. O.

Defendant maintains that attorneys' fees for state law claims are inappropriate because Plaintiffs exclusively pled attorneys' fees pursuant to FLSA and not state law. See Dkt. No. 1, ¶ 39. Defendant also notes that the parties agreed to settle this case on the basis of Plaintiffs' FLSA claims rather than their state law claims. See Dkt. No. 177, ¶ 4. Plaintiffs' counsel maintains that compensation for time spent on the state law claims is appropriate because Plaintiffs' counsel had a duty to preserve the alternative theory of state

---

hours. - 2/6/2014 (Reeves) "work on motion for attorney's fees and supporting affidavits - lodestar burden and Johnson factors and evidence to support same." 5.8 hours. See Dkt. No. 193-10, Ex. G.

AO 72A
(Rev. 8/82)

law claims on behalf of their clients and as such, the claims were not taken outside of the FLSA fee shifting provision.

The Eleventh Circuit has instructed that "in determining reasonable hours the district court must deduct time spent on discrete and unsuccessful claims." Norman, 836 F.2d at 1302. However, in cases where "the plaintiff's claims for relief [] involve a common core of facts or [are] based on related legal theories" such that "counsel's time will be devoted generally to the litigation as a whole," the lawsuit "cannot be viewed as a series of discrete claims." Hensley, 461 U.S. at 435. The United States Supreme Court has instructed that "[w]here a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised." Id. at 440. Plaintiffs note that the state law claims were interwoven with the FLSA claims and were not adjudicated to be unsuccessful, but rather survived until the parties entered into the settlement agreement. Dkt. No. 198, p. 11.

The Court finds that Plaintiffs' state law claims arose out of the same course of conduct and common core of facts as their FLSA claims, and as such, are eligible to be compensable.[7] Still, the Court finds that the time spent on several of these

_____

[7] The Court finds that Defendant's objection to time entries grouped under the label "Retaliation" are similarly related to the FLSA overtime and wage claims and thus eligible for compensation. See Dkt. No. 193-24, Ex. T.

AO 72A
(Rev. 8/82)

issues was unreasonably excessive and redundant. The "Motion to Dismiss" time entries reflect some unnecessary work and duplication of efforts. Dkt. No. 193-15, Ex. L. As Defendant points out, the Former Sheriff's motion to dismiss based on sovereign immunity was merely four pages long, and the time Plaintiffs spent researching and drafting their 12-page response (96.3 hours) was quite substantial. Three attorneys all have time entries containing similar research descriptions.[8] The Court also finds redundancy and excessiveness in the time entries for Plaintiffs' counsels' work on joinder of state law claims. See Dkt. No. 193-16, Ex. M. Given the similarity of several of the time entry descriptions, the Court cannot determine the distinct contributions of each of the three attorneys involved.[9] The additional state law categories indicated by Defendant contain similar instances of overlap and excessive billing.[10]

---

[8] Although one associate appears to have done most of the research, a second associate also worked on these issues for a significant portion of time. The partner's time entries are too general to determine her unique contribution. The time entries on February 14, 2013 demonstrate the difficulty of determining each attorney's unique and necessary contribution. On this day, the partner, Culves, had two time entries with very general descriptions. Associate Hill had four time entries with general descriptions, and associate McQueen had three time entries with detailed, but not obviously distinct, descriptions. See Dkt. 193-15, Ex. L.

[9] After one associate and partner spent substantial time looking at joinder issues (McQueen and Culves in January and February 2013), another more junior associate, McKenzie, then spent significant time in March 2013 evidently performing more research on joinder issues. All three attorneys continued to bill for time spent on these issues, and the time entries do not demonstrate the unique contributions of each attorney. See Dkt. No. 193-16, Ex. M.

[10] The Court will not address each individual category of time entries that Defendant objected to on the basis of excessiveness, but the Court agrees

In making these findings, the Court bears in mind that the fee applicant has the burden of showing that the time spent reflects the distinct contribution of each lawyer to the case and is the customary practice of multiple-lawyer litigation, and this "is not a make-believe burden." Barnes, 168 F.3d at 432. Plaintiffs point to Partner Culves' sworn testimony that "[e]ach professional involved contributed in his or her own distinct manner by performing different functions and were each involved in different aspects of the work." Dkt. No. 174-1, Ex. 1, ¶ 44. While sworn testimony is evidence of considerable weight regarding the issue of time required in the usual case, Perkins v. Mobile Housing Bd., 847 F.2d 735, 738 (11th Cir. 1988), "giving weight to sworn statements of fee applicants does not mean accepting those statements as gospel." Barnes, 168 F.3d at 430. The Court has examined the affidavits of the timekeepers, and, though they do summarize each timekeeper's activities, looking at them in comparison to one another, they lack the necessary detail to show how each attorney's contributions were

---

generally that the time spent on these additional issues was unreasonably excessive and time entries contained evidence of unreasonably redundant and duplicative efforts. See Dkt. Nos. 193-4, Ex. A (Protective Order), 193-6, Ex. C (Initial Disclosures), 193-7, Ex. D (Fee Agreement), 193-8, Ex. E (Rule 68 Offer of Judgment), 193-13, Ex. J (Discovery), 193-11, Ex. K (Complaint, Service, and Statute of Limitations), 193-24, Ex. W (Interoffice Meetings), 193-25, Ex. X (Unnecessary/Excessive/Duplicative).

AO 72A
(Rev. 8/82)

unique and necessary in the performance of the aforementioned tasks.[11]

## ii.  Clerical Work

Defendant objects to time billed for filing and clerical tasks.  Defendant presents lists of time entries showing 10.7 hours spent on ECF filings, Dkt. No. 193-11, Ex. H, and 74.8 hours allegedly spent on non-compensable clerical work.  Dkt. No. 193-12, Ex. I.  This Court has previously found that clerical work, including filing, is not separately compensable as attorneys' fees.  <u>Martin v. Augusta-Richmond Cnty., Ga., Comm'n</u>, No. CV 112-058, 2012 WL 5950408, at *7 n. 4 (S.D. Ga. Nov. 28, 2012)("Work that is clerical or secretarial in nature, such as gathering, copying, mailing, and filing documents is not separately compensable as attorney's fees").  As such, the time spent on ECF filings is not compensable.

Many of the time entries listed by Defendant in Exhibit I, Dkt. No. 193-12, appear to represent clerical work performed by the paralegal, including organizing conferences, reserving

---

[11] For example, Reeves stated that she oversaw McQueen in the development of issues for and preparation of the Motion for Conditional Certification.  Dkt. No. 174-3, Ex. 3, ¶ 17.  Culves stated that she assisted in the preparation and revision of the Motion for Conditional Certification.  Dkt. No. 174-1, Ex. 1, ¶ 49.  McQueen stated that he worked on the "preparation and drafting of the Motion to Conditionally Certify the Collective Class[.]"  Dkt. No. 174-9, Ex. 5, ¶ 6.  Each attorney stating what he or she worked on, even where there is detail in the overall description, does not demonstrate that each attorney's contribution was unique and necessary.  In addition, broad statements in the affidavits, such as "researched issues and drafted portions of various motions and briefs[,]" were not informative enough to overcome the Court's assessment that some overlapping of efforts and excessive billing occurred.  <u>See</u> Dkt. No. 174-8, Ex. 4, ¶ 6.

conference rooms, and informing opt-in plaintiffs about required documents. "Work by paralegals is recoverable as part of an attorney's fees award only to the extent that the paralegal performs work traditionally done by the attorney." B&F Sys., Inc., v. LeBlanc, No. 7:07-cv-192, 2012 WL 2529191, at *10 (M.D. Ga. June 29, 2012)(finding "some of the work billed by the paralegals was clerical in nature, including but not limited to, filing documents on CM/ECF, creating binders, telephone calls with the Clerk of Court and the undersigned's chambers, telephone calls with court reporters, and drafting form pleadings"). Some of the tasks undertaken by the attorneys appear clerical as well, such as contacting the Clerk of Court. Plaintiffs agree that administrative tasks are not compensable but maintain that their 8% across-the-board cut accounted for these billings. As the Court will not be applying Plaintiffs' 8% cut to the entries after October 24, 2013, but rather will be applying its own reduction based on what it deems reasonable, reduction is warranted based on time entries for clerical work.

### iii. Rose Roberts

The parties agree that time spent on Rose Roberts' claims is not compensable, as those claims were dismissed. Defendant objects to 12.9[12] hours billed containing references to Rose Roberts, and Plaintiffs' counsel maintains that their across-

---

[12] The original objection was to 14 hours, but Plaintiffs voluntarily removed 1.1 hours. See Dkt. No. 203-2, Ex. 10.

the-board cut addressed this time.  The Court's reduction will aim to address this non-compensable time.[13]

## iv.  Solicitation of Individuals Who Did Not Opt In & Vague Phone Calls

The Court agrees with Defendant's position concerning time spent on potential plaintiffs who did not opt in and unnamed potential plaintiffs (7 hours), Dkt. No. 193-22, Ex. R, as well as time entries referring to phone calls but not specifying the subject of the call (13.2 hours), Dkt. No. 193-25, Ex. U.  See Wales v. Jack M. Berry, Inc., 192 F. Supp. 2d 1313, 1323 (M.D. Fla. 2001)(accepting objections when time entries did not identify subject of conferences or phone communications and stating that time spent soliciting additional plaintiffs is not compensable)(citing Barnes, 168 F.3d at 435, for proposition that time spent soliciting additional plaintiffs should not be included in time billed); see also Duckworth, 97 F.3d at 1398 (reducing time based on a "myriad of telephone conferences"). The Court's reduction will aim to address these issues.

## v.  Travel Time

Defendant argues that Plaintiffs' counsel cannot recover for time spent traveling from Macon to Brunswick, Georgia, as

---

[13] The time entries shown under the "Unrelated claims" heading seem similarly not compensable, as they appear to be instances of Plaintiffs' counsel communicating with clients about unrelated legal issues.  Dkt. No. 193-21, Ex. Q.

they have not shown that Plaintiffs could not have hired competent local counsel.  See Dkt. Nos. 187, 193-20, Ex. P. Plaintiffs' counsel contend that their clients expressed concerns about retaliation and reluctance to work with local counsel as a result of the influence of Defendant's office in the local community.  See Dkt. No. 198, Ex. B, ¶ 11.

Travel time is properly excluded "only if it was unreasonable not to hire qualified local counsel."  Johnson v. Univ. Coll. of Univ. of Ala. in Birmingham, 706 F.2d at 1208; see also Martin, 2012 WL 5950408, at *7 n.4 (reducing travel time where no evidence that Plaintiffs could not have hired competent local counsel).  Here, Plaintiffs have presented an explanation for their choice not to hire local counsel, and the Court does not find that it was unreasonable for Plaintiffs not to hire qualified local counsel in light of that explanation. The travel time of Plaintiffs' counsel is compensable.

**vi.  Summary of Reduction Issues**

The most significant issue presented by Plaintiffs' billing in this case is the sheer excessiveness of the number of hours spent on a relatively basic FLSA case that came to resolution relatively early.  In this case, the Court finds that Plaintiffs are seeking compensation for an unreasonable number of hours because of the unreasonable duplication of efforts and unnecessary amounts of time spent on numerous tasks.  The Court

also finds reduction to Plaintiffs' claimed hours warranted based on time entries for clerical work, work relating to Rose Roberts—whose claims were dismissed, the solicitation of individuals who did not opt in, and vague phone calls. A reduction of 40% to the hours claimed by Plaintiffs will bring the number of compensable hours to an amount that the Court, in the exercise of its discretion and taking into account its expertise, deems reasonable.[14] See Norman, 836 F.2d at 1303 (referring to the court's expertise regarding the reasonableness of attorneys' fees). This reduction is primarily based on the unreasonable excessiveness of the hours for which compensation is sought, and the other issues noted by the Court account for a small portion of this determination.

### c. Summary of Reasonable Hours Expended/Lodestar Calculation

The Court arrives at the total number of hours requested by starting with the number of hours for each timekeeper shown on

---

[14] Such across-the-board reductions have been approved in several cases where the court makes clear its reasons for the reductions. See Dial HD, Inc. v. ClearOne Commc'ns, 536 F. App'x 927, 931 (11th Cir. 2013)(finding no abuse of discretion where district court applied 25% reduction based on firm's block billing practices); Bivins v. Wrap It Up, Inc., 380 F. App'x 888, 891 (11th Cir. 2010)(finding no abuse of discretion where district court applied an 85% reduction because case was not novel or complex, there was no lengthy trial, and public benefit at stake was minimal); Hepsen v. J.C. Christensen & Assocs., Inc., 394 F. App'x 597, 600 (11th Cir. 2010)(finding no abuse of discretion where magistrate judge reduced number of hours by 50% based on an "excessive number of hours claimed, vague time entries, and billing for co-counsels' [unnecessary] services."); Villano v. City of Boynton Beach, 254 F.3d 1302, 1311 (11th Cir. 2001)(finding no error in magistrate judge's decision to reduce hours requested by 25% where evidence submitted was insufficiently detailed and possible redundancy existed).

Plaintiffs' Exhibit A, Dkt. No. 174-4, and adding to that amount the hours requested in Plaintiffs' supplemental request based on time billed (and projected to be billed) between February and May of 2014. Dkt. No. 201-1, pp. 10-13.

| Timekeeper | Hours Requested | Reduction Amount (rounded to two decimal places) | New Hours | Rate | New Hours*Rate |
|---|---|---|---|---|---|
| Sherry Culves | 349.5 | 349.5*.40 = **139.8** | 349.5-139.8 = **209.7** | $250.00 | $52,425.00 |
| Sharon Reeves | 295.5 | 295.5*.40 = **118.2** | 295.5-118.2 = **177.3** | $225.00 | $39,892.50 |
| Canon Hill | 89.2 | 89.2*.40 = **35.68** | 89.2-35.68 = **53.52** | $165.00 | $8,830.80 |
| Hays McQueen | 314.2 | 314.2*.40 = **125.68** | 314.2-125.68 = **188.52** | $155.00 | $29,220.60 |
| Collier McKenzie | 22.1 | 22.1*.40 = **8.84** | 22.1-8.84 = **13.26** | $150.00 | $1,989.00 |
| Jessica Ekey | 89.1 | 89.1*.40 = **35.64** | 89.1-35.64 = **53.46** | $85.00 | $ 4,544.10 |
| | | | | **Total/Lodestar** | **$136,902.00** |

As demonstrated by this table of calculations, the lodestar figure, taking into account the reasonable number of hours and reasonable hourly rates, results in an award of $136,902.00.

## II. Adjustments to the Lodestar

Defendant contends that the lodestar should be adjusted downward because Plaintiffs' ultimate recovery was just over half of what they initially demanded in settlement negotiations, and none of Plaintiffs' equitable or injunctive demands, such as written confirmation of policy changes, were ultimately

incorporated into the final Offer of Judgment. Plaintiffs dispute the admissibility of settlement discussions and assert that they received an excellent result and recovered on all of their claims.

Where a plaintiff obtains partial or limited success, but successful and unsuccessful claims involve a common core of facts or related legal theories, the court must compare the plaintiff's overall relief with the number of hours reasonably expended on the litigation. Popham v. City of Kennesaw, 820 F.2d 1570, 1578 (11th Cir. 1987). The court, in its discretion, may reduce the lodestar amount if it believes that amount is excessive in relation to the plaintiff's relief. Id. at 1578-79. Because a lodestar based on reasonable hours and rates is strongly presumed to be reasonable, "courts have severely limited the instances in which a lawfully found lodestar amount may be adjusted" in either direction. Resolution Trust Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1150 (11th Cir. 1993).

Here, Plaintiffs' counsel obtained a reasonable, fair award for their clients. Though the policy-oriented requests that Plaintiffs initially sought to have included in the Offer of Judgment were not ultimately included, the parties agree that the FLSA violations that led to this dispute are no longer

AO 72A
(Rev. 8/82)

occurring at the Sheriff's Office.[15]  The Court sees no reason to
adjust the lodestar based on the quality of the results obtained
by Plaintiffs in this matter.  See Galdames, 432 F. App'x at
807-08 (finding district court did not abuse its discretion in
declining to reduce lodestar where Plaintiffs were successful on
their sole claim and received over 60% of damages sought);
Duckworth, 97 F.3d at 1399 (affirming lower court's decision not
to adjust lodestar where, even though ultimate recovery was
below damages sought, the outcome promoted a public purpose).

## III.  Costs

By analyzing 29 U.S.C. § 216(b) together with Crawford
Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 436 (1987), the
Eleventh Circuit determined that the term "costs of the action"
in Section 216(b) was limited to the costs enumerated in 28
U.S.C. § 1920.[16]  Glenn v. General Motors Corp., 851 F.2d 1567,
1575-76 (11th Cir. 1988).  Several of the expense items for

---

[15] Defendant suggests that Plaintiffs cannot proclaim to have achieved ongoing
or future benefits because of their stipulation that violations ended before
Sheriff Jump became Sheriff of Glynn County. Even though the violations
reportedly ceased before Sheriff Jump took office, the timing of the suit in
conjunction with the cessation of the violations leads the Court to find that
the suit did promote the public purpose of encouraging the Sheriff's Office's
compliance with the FLSA.
[16] Taxable costs include: "(1) Fees of the clerk and marshal; (2) Fees for
printed or electronically recorded transcripts necessarily obtained for use
in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees
for exemplification and the costs of making copies of any materials where the
copies are necessarily obtained for use in the case; (5) Docket fees under
section 1923 of [Title 28]; (6) Compensation of court appointed experts,
compensation of interpreters, and salaries, fees, expenses, and costs of
special interpretation services under section 1828 of [Title 28]. A bill of
costs shall be filed in the case and, upon allowance, included in the
judgment or decree." 28 U.S.C. § 1920.

which Plaintiffs seek compensation are not taxable as costs
under 28 U.S.C. § 1920 and thus not compensable.  See Williams
v. R.W. Cannon, Inc., 657 F. Supp. 2d 1302, 1316-18 (S.D. Fla.
2009)(pointing out courts have come out both ways regarding
which expenses are properly treated as costs in FLSA cases but
determining weight of binding authority deems FLSA compensable
costs to be limited to those enumerated in Section 1920); see
also Cobb v. City of Roswell, Ga., 987 F. Supp. 2d 1319, 1327
(N.D. Ga. 2013)(explaining that when Eleventh Circuit in Cullens
v. Ga. Dep't of Transp., 29 F.3d 1489, 1494 (11th Cir. 1994),
stated that reasonable travel expenses could be taxed pursuant
to Section 1920, they likely meant Section 1988 because they
cited to Dowdell v. City of Apopka, 698 F.2d 1181, 1983 (11th
Cir. 1983) and implying that civil rights actions have different
rules for taxable costs than actions arising under different
statutes).

Photocopying expenses may be taxed as costs pursuant to 28
U.S.C. § 1920 where the copies were necessarily obtained for use
in the case.  Plaintiffs have requested $1,320.60 for
photocopying expenses, at a rate of $0.20 per copy.  Plaintiffs'
counsel has sworn that all requested expenses were reasonably
required by the litigation and are customarily incurred in their
provision of legal services.  Dkt. No. 175-1, ¶ 52.  Defendant
asserts that Plaintiffs' claimed expenses for photocopying are

inadequately documented and should be denied. Dkt. No. 187, p. 34. A court may disallow photocopying costs where the prevailing party does not present evidence regarding the documents copied, including how they were used or intended to be used in the case. Helms v. Wal-Mart Stores, Inc., 808 F. Supp. 1568, 1570 (N.D. Ga. 1992)(citing Corsair Asset Mgmt., Inc. v. Moskovitz, 142 F.R.D. 347, 353 (N.D. Ga. 1992)). While the court must ask whether the prevailing party could have reasonably believed it was necessary to copy the papers at issue, EEOC v. W&O, Inc., 213 F.3d 600, 623 (11th Cir. 2000), copies obtained for the convenience of counsel are not recoverable. Helms, 808 F. Supp. at 1570.

The Court finds that Plaintiffs are entitled to the costs enumerated in 28 U.S.C. § 1920 and properly verified under and 28 U.S.C. § 1924. The Court orders Plaintiffs to properly verify costs, in accordance with those provisions, within thirty (30) days of this Order. The Court denies Plaintiffs' request for facsimile charges, computer research services, postage/outside courier, and travel expenses, totaling $4,801.39.

## CONCLUSION

For the reasons stated above, Plaintiffs' Motion for Attorneys' Fees and Expenses is **GRANTED**. Plaintiffs are entitled to attorneys' fees in the amount of $136,902.00. The

Court **ORDERS** Plaintiffs to properly verify costs within thirty (30) days of this Order. The Court finds the Third Offer of Judgment to be a fair and reasonable resolution of Plaintiffs' FLSA claims, and the parties' Joint Motion for Approval of Acceptance of Offer of Judgment is also **GRANTED.**

In parting, the Court notes that all counsel involved in this case represented their clients in a highly professional manner. The fact that the fees and expenses have been reduced does not change that conclusion.

**SO ORDERED**, this 30TH day of September, 2014.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA